EMILIE BRUCHSALER, Respondent, v. ALFRED H. NEWBURGER and Others, Copartners, Doing Business under the Firm Name of NEWBURGER, HENDERSON & LOEB, Appellants.— In an action against stockbrokers to recover deposits made with them for purchasing stock, the complaint alleged in three causes of action fraudulent representations, negligence in failing to obey the plaintiff's instructions and breach of fiduciary duty. The last transaction between the parties was on December 11, 1929. The summons was not served until February 17, 1936, although the plaintiff claims she delivered the summons to the sheriff

for service on January 17, 1936. The defendants moved under rule 107, subdivision 6, of the Rules of Civil Practice, to dismiss the complaint on the ground that the Statute of Limitations had run against the cause of action. The motion was denied. The appeal is from the part of the order that denies the motion in respect to the second and third causes of action. The complaint is inartistically drawn and the causes of action are so jumbled together that it is impossible to tell on what theory the plaintiff is placing reliance. There is failure to allege in the complaint in certain respects the statements that certain representations were false, the date of the discovery by plaintiff of the fraud and the date of the demand which the plaintiff made on defendants for the return of the deposit of money with them. Nor does the affidavit submitted by her on the motion make these questions clear. We think there should be an amended complaint so that the issues may be clarified before the trial. (Rules Civ. Prac. rule 108.) Orders in so far as an appeal is taken therefrom reversed on the law and the facts, with ten dollars costs and disbursements, and the motion to dismiss the second and third causes of action granted, with leave to the plaintiff to serve an amended complaint within ten days after the entry of the order hereon on payment of costs. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.